UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:12-CR-194-17
SHAINE WILLIAMS, :
Defendant :
:

*M E M O R A N D U M*

*I.     Background*

We are considering a motion for judgment of acquittal and a motion for new trial. (Doc. 1034). On November 28, 2012, the Grand Jury returned a superseding indictment in which Defendant Shaine Williams was charged with various drug-related offenses. (Doc. 244). In Count One of the indictment, he was charged with criminal conspiracy to distribute[1] cocaine hydrochloride and crack cocaine. (Id.). In Count Two, he was charged with distribution of cocaine hydrochloride and crack cocaine. (Id.). In Count Three, he was charged with criminal conspiracy to possess a firearm in furtherance of drug trafficking. (Id.). And in Count Four, Defendant was charged with conspiracy to commit money laundering. (Id.).

On December 11, 2014, at the conclusion of a jury trial, Defendant was convicted of the following: conspiracy to distribute 280 grams or more of crack cocaine; conspiracy to distribute five kilograms or more of cocaine hydrochloride; distribution of five kilograms or more of cocaine hydrochloride; and conspiracy to commit money

---

1. Our use of the word "distribute" refers to both the distribution of, and possession with intent to distribute, controlled substances. See 21 U.S.C. § 841(a)(1).

laundering. (Doc. 990). On December 28, 2014, Defendant filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. (Doc. 1035). First, he claims that he is entitled to a judgment of acquittal on the charge of conspiracy to distribute crack cocaine. According to Defendant, there was no testimony presented at trial to establish that he knowingly conspired to distribute crack cocaine. (Doc. 1056 at 4; 1081 at 2). Second, Defendant claims that he should be granted a new trial on the remaining counts. (Doc. 1035). He asserts that a new trial is warranted for two reasons: (1) we committed errors at trial; and (2) the verdict was against the weight of the evidence. (Doc. 1056 at 5; 1081 at 5). For the reasons discussed below, we will deny Defendant's motions.

*II.        Discussion*

*A. Motion for Judgment of Acquittal*

Pursuant to Rule 29, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When evaluating whether the evidence is sufficient, we ask whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. United States v. Caraballo-Rodriguez, 726 F.3d 418, 430 (3d Cir. 2013). To make this determination, we must consider the evidence as a whole, "we must view the evidence in the light most favorable to the verdict, and [we] must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." United States v. Coleman, 811 F.2d 804, 807 (3d Cir.

1987); see also id.  If the evidence is substantial, a rational juror could have found proof of each element beyond a reasonable doubt, and we must sustain the verdict.  Caraballo-Rodriguez, 726 F.3d at 430 (citing United States v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)).  Only when the jury's verdict "fall[s] below the threshold of bare rationality," should we enter a judgment of acquittal.  Coleman v. Johnson, 132 S. Ct. 2060, 2065 (2012).

Conspiracy to distribute crack cocaine has three essential elements.  See THIRD CIR. MODEL CRIM. JURY INSTRUCTION § 6.21.846B (2014).  One, an agreement between two or more people to distribute crack cocaine.  Id.  Two, the defendant was a party to or a member of that agreement.  Id.  And three, the defendant joined or participated in the conspiracy knowing its objective was to distribute crack cocaine and intending to achieve that objective.  Id.  Here, viewing the evidence as a whole, we find that a rational juror could find each element beyond a reasonable doubt.

First, the evidence introduced at trial established that co-defendant John Rawls agreed to sell kilogram quantities of cocaine hydrochloride to co-defendants Antwaun Byrd and Adrian Totton.  The cocaine was transported, via courier, from Atlanta, Georgia to Harrisburg, Pennsylvania.  Upon receipt, Byrd and Totton distributed the cocaine in either powder or crack form.  The existence of this agreement and the operative details thereof were testified to by no less than five co-defendants.  Their testimony, in turn, was corroborated by telephone records, telephonic recordings, evidence of three kilograms of cocaine hydrochloride seized from co-defendant Cedric

Hawkins, and evidence of three kilograms of cocaine hydrochloride seized from John Rawls' home. Accordingly, there was substantial evidence of an agreement between two or more people to distribute crack cocaine.

Next, there was evidence that Defendant transported cocaine between Atlanta and Harrisburg. The jury heard testimony that following the arrest of drug courier Cedric Hawkins, Defendant contacted John Rawls and offered to replace Hawkins as the courier. Rawls testified that he accepted Defendant's offer, and on numerous occasions, Defendant transported money and cocaine between Atlanta and Harrisburg. Rawls' testimony was corroborated by telephone records, extensive travel records, and the testimony of multiple co-defendants. Accordingly, there was substantial evidence that Defendant was a member of the agreement.

Last, the jury heard testimony that co-conspirators took the cocaine transported by Defendant, reduced it to cocaine base, packaged it for sale, and sold it as crack cocaine. We admitted this evidence pursuant to United States v. United States Gypsum Co., 333 U.S. 364 (1948). Gypsum tells us that "the declarations and acts of various members, even though made or done prior to the adherence of some to the conspiracy[,] become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy." U.S. Gypsum Co., 333 U.S. at 393. Accordingly, at the conclusion of trial, we instructed the jury that it may treat the acts of co-conspirators selling crack cocaine as Defendant's own actions. Considering this evidence, our instructions, and the circumstantial evidence discussed above, a rational juror could

4

conclude that Defendant knew the object of the conspiracy was to distribute cocaine in both powder and crack form and that he joined intending to achieve that objective. See Caraballo-Rodriguez, 726 F.3d at 431 (stating that a defendant's knowledge need not be proven by direct evidence and is often proven by circumstances).[2]

Because we find that the jury's verdict did not fall below the threshold of bare rationality, we will deny Defendant's motion for judgment of acquittal.

*B. Motion for New Trial*

Pursuant to Federal Rule of Criminal Procedure 33, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The first argument that Defendant makes in support of his Rule 33 motion is that we committed errors at trial. A new trial is required on this ground only when (1) there was in fact an error at trial, and (2) the error so infected the jury's deliberations that it had a substantial influence on the outcome of the trial. United States v. Thornton, 1 F.3d 149, 156 (3d Cir. 1993). We find no errors committed at trial.

Defendant first argues that we erred by admitting telephone records into evidence. (Doc. 1056 at 5; 1081 at 5-6). On December 3, 2014, approximately five days before trial, Defendant requested a continuance. He claimed that the Government had just provided him with telephone records, which were too voluminous to review before

---

2. In his reply brief, Defendant adds one more argument. He claims that there was insufficient evidence to establish the weight of 280 grams or more. (Doc. 1081 at 4-5). Again, we disagree. The testimony at trial established that on numerous occasions Defendant transported kilogram quantities of cocaine. A rational juror could conclude that 280 grams or more of crack cocaine resulted from the many kilograms of powder cocaine transported by Defendant.

trial. (Id.). We denied Defendant's request for continuance, and at trial, we admitted the records over Defendant's objection. Now, he renews his objection. Without identifying a specific rule of evidence that has been offended, Defendant argues that the documents were admitted without proper foundation and without giving him an opportunity to challenge the accuracy and reliability of the documents. (Id.). We construe Defendant to argue that the records were inadmissible pursuant to Federal Rule of Evidence 902(11). We disagree.

Rule 902(11) states that a business record is admissible as a self-authenticating document if it is accompanied by a certification of the custodian, the proponent gives an adverse party reasonable written notice of the intent to offer the record, and the proponent makes "the record and certification available for inspection – so that the party had a fair opportunity to challenge them." FED. R. EVID. 902(11) (emphasis added). Here, Defendant actually received the telephone records from the government on November 19, 2014 – three weeks before trial. The records only consisted of 128 pages, see Gov't Ex. 28, and the government made DEA agents available to assist him with reviewing the documents. Considering that Defendant had three weeks to review 128 pages with the assistance of DEA agents, we find that Defendant had a fair opportunity to challenge the telephone records. Accordingly, we find that the records were properly admitted under Rule 902(11).

Next, Defendant argues that we erred by allowing DEA Agent Klemick to testify about the telephone records without first being qualified as an expert. (Doc. 1056

at 5; 1081 at 5-6). Again, we disagree. Pursuant to Federal Rule of Evidence 702, a witness must be qualified as an expert only when her scientific, specialized, or technical knowledge will help a trier of fact understand the evidence. See FED. R. EVID. 702. "When the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert is not necessary and is improper." Frase v. Henry, 444 F.2d 1228, 1231 (10th Cir. 1971).

Here, Agent Klemick did not rely on scientific, specialized, or technical knowledge to help the jury understand the telephone records. Rather, he relayed facts identified on the face of the telephone records to the jury – namely, the origination point of phone calls made from Defendant's telephone. The normal experiences of the jurors were sufficient for them to draw a proper conclusion from this testimony: the origination point of Defendant's telephone calls revealed the physical location of Defendant's phone at the time the calls were placed. Accordingly, we find that no error was committed by permitting Agent Klemick to testify without first being qualified as an expert.

Because we find that no errors were committed at trial, we will deny Defendant's motion on this ground.[3]

The second argument that Defendant advances in support of his Rule 33 motion is that the verdict was against the weight of evidence. (Doc. 1056 at 5-6; 1081 at

---

3. Even if we assume *arguendo* that we did err at trial, we would nonetheless deny Defendant's motion. Three co-conspirators testified about Defendant's trips between Harrisburg and Atlanta, and the government introduced extensive travel records showing that Defendant made sixteen trips to Atlanta in a six month period. The telephone records, and Agent Klemick's testimony related thereto, were corroborative evidence. Accordingly, we find that the records did not substantially influence the outcome of trial.

7-9). He argues that the testimony of co-conspirators should be afforded no weight because they all received favorable plea agreements from the Government in exchange for their testimony. (Id.). He claims that the travel records showing his movements between Harrisburg and Atlanta are not dispositive of criminal activity. (Id.). He asserts that despite the Government's extensive investigation, he was never found in possession of controlled substances, he was never recorded on the telephone conversing with co-conspirators, and he was never seen during government surveillance. (Id.). Finally, he posits that because he performed his employment responsibilities so faithfully, there was no way he had the time to act as a drug courier. (Id.). According to Defendant, all of these factors, in conjunction, establish that the verdict was against the weight of the evidence. (Id.). We disagree.

If a defendant seeks a new trial on the ground that the verdict was contrary to the weight of the evidence, a court should order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). "[W]hen a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." Id. Therefore, "[m]otions for a new trial based on the weight of the evidence are not favored." Gov't of Virgin Islands v. Derricks, 810 F.2d 50, 55 (3d Cir. 1987). "Such motions are to be granted sparingly and only in exceptional cases." United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003).

In this case, at least five co-defendants testified about a conspiracy to distribute controlled substances. Multiple co-defendants – John Rawls, Antwaun Byrd, and Antonio Byrd – specifically identified Defendant as a member of the conspiracy. They testified that Defendant transported cocaine hydrochloride between Atlanta and Harrisburg. That testimony was corroborated by travel records and telephone records. The records showed that Defendant made at least sixteen trips between Harrisburg and Atlanta in a six month period. Further testimony established that the cocaine transported by Defendant was distributed as powder cocaine and crack cocaine. Finally, there was testimony that Defendant, with the intent to promote additional drug sales, engaged in financial transactions using proceeds derived from the unlawful distribution of cocaine. In light of the totality of this evidence, we find that there is little danger that an innocent person was convicted.

Because we find that the jury's verdict did not result in a miscarriage of justice, we will deny Defendant's motion on this ground.

*III.* Conclusion

For the reasons discussed above, we will deny Defendant's motion for judgment of acquittal, and we will deny Defendant's motion for a new trial. We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge